### FABIAN v FABIAN

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17332.   Decided Dec. 18, 1939.

F. E. Picklow, Esq., Cleveland, for plaintiff-appellee.

Wolf & Kruchkoff, Cleveland, for defendant-appellant.

### OPINION

By TERRELL, PJ.

This case is before this Court upon an appeal from a judgment of the Court of Common Pleas in which the defendant, Charles Fabian, was found guilty and sentenced for contempt of court.

The notice of appeal designates that the appeal is here upon questions of law and questions of law and fact. However, it is apparent that this is not a chancery case, and that the appellant is not entitled to a trial de novo. The case, therefore, is retained for review upon questions of law only.

The present proceeding in contempt was initiated in the trial court upon a motion for citation of the defendant, supported by an affidavit signed by the plaintiff, Margaret Fabian. In this affidavit, it is alleged that the defendant, among other things, violated the order and decree of the Court in

"that the defendant on date unknown to this plaintiff, but well known to the defendant, in the past month and a half has sold and disposed of said place of business for $3500.00 entirely disregarding the court order."

A demurrer to these charges of contempt was filed by the defendant. Upon a hearing the court overruled the said demurrer and upon a hearing on the charges of contempt found the defendant guilty of contempt and ordered him to county jail for ten days and to pay a fine of Five Hundred Dollars ($500.00) and costs of this proceeding.

Defendant complains of said order and judgment and asks that it be reversed for the reason that there is no order upon the journal which he is charged with violating.

A search of the journal discloses language as follows:

"It is further ordered, adjudged and decreed that in the event the defendant sells said place of business within six (6) years and before the plaintiff remarries, the plaintiff shall receive out of the proceeds of the sale the sum of $2200.00 instead of and in place of the $1000.00 above mentioned and the balance of the proceeds, if any, shall be impounded to secure the payment of the monthly installments of money hereinbefore awarded by the court to be paid to the plaintiff as alimony and as support for the child * * * .

It is further ordered that the defendant is hereby restrained from disposing of or encumbering said business or any part thereof, without the consent of this court, and that this order shall be the first and best lien on said premises."

Defendant's contention is that although this journal entry uses the words "said business" that that is not sufficiently definite to advise him what, if any, business is designated; that it

does not advise him especially that the business alleged to have been sold by him, to-wit, the Sunflower Cafe, at 2755 East 79th Street, Cleveland, Ohio, as alleged in the affidavit in the contempt proceedings, was the business designated in the journal entry as "said business".

In an answer filed to the charge of contempt, defendant denied that he was the owner of the Sunflower Cafe at 2755 East 79th Street, Cleveland, Ohio.

A hearing was had upon said charges in contempt which resulted as heretofore stated in a judgment, finding the defendant guilty of contempt.

Defendant presents to this Court a Bill of Exceptions of said proceedings which contains nothing else than the statement that to maintain his defense he "introduced some evidence".

It further shows the oral statement of the trial judge made at the time he found the defendant guilty for the reason that in violation of the order of the court he sold his place of business.

There being no statement of the evidence in the record, we must presume that there was sufficient evidence before the trial court to warrant the finding that the defendant was the owner of "said place of business"; that the defendant sold said "place of business" contrary to the injunction set forth in the journal entry; that there was sufficient evidence before the trial court to conclude that the defendant knew the "place of business" which is described in the journal entry as "said place of business"; that the defendant knew that he was enjoined from selling said place of business; that the trial court was justified in finding the defendant guilty of violating the said injunction.

It is our conclusion, therefore, that the trial court had ample jurisdiction over the person of the defendant, Charles Fabian, over the subject of the matter before it, in the proceedings of contempt, and that the defendant appellant herein has failed to show that the trial court was not justified in finding him guilty of contempt.

The judgment of the trial court will, therefore, be affirmed. Exceptions may be noted.

LIEGHLEY & MORGAN, JJ., concur.